An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES LALL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64218

FILED

SEP 19 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is an appeal from an order of the district court denying appellant James Lall's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Lall contends that the district court erred by denying his ineffective-assistance-of-counsel claims without an evidentiary hearing. In order to demonstrate ineffective assistance of counsel, Lall has the burden of proving that counsel's performance was deficient and resulted in prejudice. *See Means v. State*, 120 Nev. 1001, 1011-12, 103 P.3d 25, 31-33 (2004) (explaining the *Strickland* test for ineffective assistance of counsel). We give deference to the district court's factual findings regarding ineffective assistance of counsel if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Lall is not entitled to an evidentiary hearing unless his claims are supported by specific factual allegations that would, if true, have entitled him to relief. *Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

First, Lall contends that counsel was ineffective for failing to investigate witnesses who called 9-1-1 to report an altercation in East Las

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31166

Vegas. Lall, however, has not provided this court with the 9-1-1 recordings or a transcript of the statements made by those witnesses and merely alleges that "several 9-1-1 callers stated that a man without a shirt was in the street with a gun." Furthermore, Lall's counsel told the district court during trial that he "attempted to canvass the neighborhood" and talk to witnesses "to verify certain things that were said on 9-1-1" and "nobody saw anything, nobody heard anything" and "it appears those people are unavailable." Finally, the only specific factual allegation made in Lall's petition with regard to this claim is that "there is no reason to think that [the trial testimony of the 9-1-1 callers heard on the recording] would have been any different from the statements they made to the 9-1-1 operator." According to the State, the recorded statements were played for the jury and emphasized during closing arguments. Lall does not contest this claim. Thus, no prejudice resulted from the witnesses' failure to testify in court because the witnesses' in-court testimony would not have been "any different" and would have been cumulative of the recorded statements. We conclude that the district court did not err by denying this ineffective-assistance-of-counsel claim without an evidentiary hearing.

Second, Lall contends that trial counsel was ineffective for failing to file a motion to dismiss his mayhem or battery-with-substantial-bodily-harm convictions for violating the Double Jeopardy Clause of the United States Constitution. The Double Jeopardy Clause of the Fifth Amendment prohibits multiple punishments for the same offense. *See Jackson v. State*, 128 Nev. ___, ___, 291 P.3d 1274, 1278 (2012), *cert. denied*, ___, U.S. ___, 134 S. Ct. 56, *and* ___ U.S. ___, 134 S. Ct. 385 (2013). To determine whether two statutes punish the same offense, this court looks to the *Blockburger* test. *See Blockburger v. United States*, 284 U.S.

SUPREME COURT
OF
NEVADA

(O) 1947A

299 (1932). "The *Blockburger* test 'inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution.'" *Jackson*, 128 Nev. at ___, 291 P.3d at 1278 (quoting *United States v. Dixon*, 509 U.S. 688, 696 (1993)). Here, mayhem and battery with substantial bodily harm both require evidence that the defendant committed (1) an unlawful act (2) which permanently disfigures a member of the human body or otherwise renders it useless. *See* NRS 0.060 (defining substantial bodily harm); NRS 200.280; NRS 200.300; NRS 200.481(1)(a). Although NRS 200.280, the mayhem statute, does not specifically require the use of force or violence, we find it difficult to envision a scenario in which a member of the human body is permanently disfigured by an unlawful act that does not require the use of force. Regardless, mayhem and battery with substantial bodily harm constitute the same offense with respect to the Double Jeopardy Clause because mayhem does not contain an element not contained in battery with substantial bodily harm. *See also Jackson*, 128 Nev. at ___ n.8, 291 P.3d at 1282 n.8 ("[T]he Legislature authorized conviction of mayhem or battery causing substantial bodily harm, but not both.").

The State contends that even if these two statutes constitute the same offense for the purpose of double jeopardy, the three bullets Lall fired at the victim were separate and distinct acts that may each be punished individually without offending the Double Jeopardy Clause and that Lall was only convicted of two counts of battery with substantial bodily harm and one count of mayhem for the three acts. The amended information, however, provides no such assurances. The mayhem charge states that Lall committed the offense by shooting into the victim's right

leg with a shotgun. The battery charge states that Lall committed the offense by shooting at the body of the victim resulting in substantial bodily harm. There is no indication in the amended information that these two offenses involved different bullets, times, or locations. Therefore, we cannot say that the jury's guilty verdict correlated each offense to three separate acts and that the district court did not punish Lall twice for the same offense. Accordingly, we conclude that the district court erred by denying Lall's petition because it should have determined during an evidentiary hearing whether Lall's trial counsel's performance fell below an objective standard of reasonableness for failing to contest Lall's conviction for both mayhem and battery with substantial bodily harm under the Double Jeopardy Clause and, if so, whether this deficient performance resulted in prejudice. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Carolyn Ellsworth, District Judge
     Law Office of Betsy Allen
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk